Texas & New Orleans Railway Company v. W. A. Looney.

Decided November 12, 1903.

**Damage to Land—Evidence—Variance.**
The petition impleaded the company for damage to land. The proof showed damage, if any, to prospective crops. Held, that such proof would not authorize a judgment against the company under the pleadings.

Appeal from the County Court of Cherokee. Tried below before Hon. James P. Gibson.

*Willson, Box & Watkins* and *Baker, Botts, Baker & Lovett,* for appellant.

GILL, Associate Justice.—This suit was brought by appellee against the appellant railroad company to recover damages to certain land alleged to have been the result of an overflow occasioned by the negligence of defendant in failing to construct a culvert for the passage of the waters of Graveyard Branch.

The defendant answered by general denial, and further sought to defeat the plaintiff's claim by pleading and proof that the damages could have been prevented by the expenditure on the part of plaintiff of $25 in the construction of a short ditch.

A trial in the justice court resulted in a judgment for plaintiff. An appeal to the county court and a trial without a jury resulted likewise, the court awarding a sum equal to the cost of the ditch which he held that plaintiff ought to have dug. On this appeal the defendant makes the following points against the judgment:

1. That as the suit was for damages to land and the undisputed proof being that the land as such sustained no damage, judgment should be reversed and here rendered for appellant.

2. If the evidence authorizes the conclusion that the land was damaged the judgment should nevertheless be reversed because no evidence was adduced by which the extent of such damage could be measured.

The following facts appear practically without dispute: Plaintiff was the owner of a farm adjoining the road of defendant. The company had constructed its road across a small stream called Graveyard Branch, the point of intersection being about 400 yards from the head of the stream. The actual drainage area above the roadbed was about 100 acres. No culvert was constructed under the road at that point but instead ditches were dug along the side of the roadbed and the waters thus diverted. On the side of plaintiff's farm next to the roadbed was about two acres of woodland, low and marshy and covered with pine timber from eight to ten inches in diameter. The remainder of plaintiff's land has been reduced to cultivation. In July, 1902, a heavy rain fell, and by reason of the lack of a culvert and the construction of the ditches by the defendant the waters of Graveyard Branch overflowed the woodland

in question. How long the water remained on the land is not shown. Neither the value of the land nor the rental value thereof is made to appear.

The only proof of damage is the testimony of the plaintiff, whose testimony is duplicated by the other witnesses adduced by him. He said among other things: "No injury was done to the land by the overflow water. The damages I seek to recover are for the value of the tomato crop which I intended to plant during the fall of 1902, but which I did not plant because of the overflow of July 10, 1902."

Further, he said: "Had I cleared the two acres of land and cultivated same in a fall crop of tomatoes I think I would have gotten enough tomatoes from the sale of which I would have realized $150 to $200." The cost of preparation, cultivation and marketing is not shown, nor is the probable yield more definitely shown.

Plaintiff further said: "The land was uncleared and had never been in cultivation. The two acres still remain uncleared. I intended to clear the land during the year 1902 and cultivate it in a fall crop of tomatoes. I consider the land specially adapted for growing fall tomatoes. I had other land which I could have planted in tomatoes, but I did not plant any, as I did not think the land was suitable for growing fall tomatoes." Further, "I do not know anyone near Jacksonville who grows fall tomatoes. I have never raised any fall tomatoes."

The defendant company prior to the trial constructed a culvert under its roadbed at Graveyard Branch. Plaintiff could have prevented the overflow at a cost of $25, but did not do so.

As stated in the outset the suit is for damages to land. The pleadings nowhere set out the loss of crops or the purpose to clear the land and plant it in tomatoes.

An overflow does not necessarily damage land as such, and the undisputed evidence is that it did not have that effect in this instance. At most it prevented the planting and maturing of a crop, damages for which are not asked for in the pleadings.

We therefore sustain the assignment that the proof of damage adduced, even if otherwise sufficiently definite, is variant from the pleadings, and that the undisputed proof shows that the damages sued for were not sustained.

The judgment of the trial court is reversed and judgment is here rendered for defendant.

*Reversed and rendered.*